**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

CHARLES H. BARBER,
CHARLES M. BARBER,
HELEN J. BARBER,
                  **Defendants.**

STIPULATION AND
PRELIMINARY ORDER
  OF FORFEITURE

Criminal  00-CR-72 (FJS)
(Hon. Frederick J. Scullin, Jr.)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE UNITED STATES ATTORNEY,** by and through Assistant U.S. Attorneys Sara

M. Lord and Thomas A. Capezza, defendants Charles H. Barber and Charles M. Barber by and

through their attorney, Diarmuid White, Esq. and defendant Helen J. Barber by and through her

attorney, Richard Ware Levitt, Esq. and their respective counsel hereby stipulate and agree to an

Order of Forfeiture as to the following:

**WHEREAS,** on February 10, 2000, a Federal Grand Jury sitting in the Northern District

of New York returned an Indictment in Criminal No. 00-CR-72 (FJS) as to Charles H. Barber

and Charles M. Barber.  On September 17, 2001, a Federal Grand Jury sitting in the Northern

District of New York returned a Superseding Indictment in Criminal No. 00-CR-72 as to Charles

H. Barber, Charles M. Barber and Helen J. Barber.  The Superseding Indictment charges

defendants, Charles H. Barber, Charles M. Barber and Helen J. Barber with violations of Title 18, United States Code, §§ 641,1343, 157,1343, 152, 1001, 1956(h) and § 982 and seeks criminal forfeiture of, among other things, both real and personal properties pursuant to 18 U.S.C. Section 982:

**WHEREAS,** the Forfeiture Allegation against the defendants Charles H. Barber, Charles M. Barber and Helen J. Barber, as set forth in the Superseding Indictment, seeks forfeiture of the properties on the grounds that it was property constituting or derived from proceeds that the defendants obtained directly or indirectly as a result of the violations alleged in Counts 12 through 25 and Count 27 of the Superseding Indictment.

**WHEREAS,** included in the Superseding Indictment is a forfeiture allegation seeking forfeiture to the United States of America of the following items of property in which the defendants have a financial interest;

**A.    Cash Proceeds/Currency:**

Approximately **$1,000,000 (one million dollars)** in United States currency, in that such sum in aggregate was received as monies that constitute, or are derived from proceeds obtained, directly or indirectly, as the result of the violations alleged above.

**B.    Conveyances:**

1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049
Registered to: Helen J. Barber

**C.    Bank Accounts:**

1.    DLJdirect, Account Number xxx-xx4860
      In the Name of TC Homer/Peter Barber

2.    Adirondack Bank Account Number xx-xx-xxxxxx5456
In the Name of Helen J. and Charles M. Barber

3.    Adirondack Bank Account xxxxxx6525
In the Name of TC Homer

If such property, which is subject to forfeiture pursuant to Title 21, United States Code,

Section 853(a), as a result of any act or omission of a defendant/s:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value, or;

(5)    has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States code, Section 853(p), to

seek forfeiture of any other property of said defendants up to the value of said properties listed

above as being subject to forfeiture, including but not limited to the following as described more

fully in the Superseding Indictment:

### Real Property:

1.    **Real Property located at NY 378 Northwoods Club Road, town of Minerva, County of Essex, Tax Map #154.29-1-3.000;**

2.    **Real Property located at 248 Northwood Club Road, Minvera, New York, Parcel No.: 153400 154.-1-5.120;**

3.    **Real Property located on Rainbow Road, Franklin County; Parcel No.: 163000 367.3-1-10;**

4.    **Real Property located at Fairview Avenue, North Creek, New York; Parcel No.: 523000 18.-4-1.6;**

5.   Real Property located at 635 Luzerne Road, Queensbury, New York; Parcel
      No.: 523400 125.-1-4.1;

6.   Real property located at the Northerly Side N. Wood Club, Minerva, New
      York; Parcel No.: 153400 144-01-07;

7.   Real Property located at 66 Rockhurst Road, Cleverdale, New York; Parcel
      No. 523400 15.-1.43; further identified and described as follows:

<u>Bank/Stock Accounts</u>

1.   **CSFBdirect (currently known as Harris Direct Accounts)**

      - Account Number: xxx-xx5985, Helen J. Barber
      - Account Number: xxx-xx5720, Charles M. Barber
      - Account Number: xxx-xx8030, Charles H. Barber

2.   **Adirondack Bank**

      - Account Number: xxxxxx6525, Charles M. Barber
      - Account Number: xxxxxx2857, Charles M. Barber and Helen J. Barber
      - Account Number: xxxxxx5769, Charles M. Barber and Helen J. Barber

3.   **Charter One Bank**

      - Account Number: xxxxxx4301, Charles H. Barber
      - Account Number: xxxxxx2702, Helen J. Barber
      - Account Number: xxxxxx6639, Charles M. Barber
      - Account Number: xxxxxx3952, Charles M. Barber and Helen J. Barber
      - Account Number: xxxxxx3735, Charles M. Barber and Helen J. Barber

<u>Conveyances</u>

1.   1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060
      Registered to: Charles M. Barber

2.   1999 SH/LA Light Trailer, White, VIN: 1MDBDXP12XA05
      Registered to: Charles M. Barber and Helen J. Barber

3.   1990 Ford Dump Truck, Black, VIN: 2FDKF38GXLCA88316
      Registered to: Helen J. Barber

4.   2001 Chrysler Suburban, Blue, VIN: 2C8GT64L41R148798
      Registered to: Helen J. Barber

5.    2001 Ford Pickup Truck, Red, VIN: 1FTNX21L61EB25160
      Registered to: Helen Barber

6.    1995 Proli Light Trailer, Black, VIN: 06LWTR612G1000101
      Registered to: Charles H. Barber

**WHEREAS,** on or about September 17, 2001, September 19, 2001 and January 10, 2003

the United States obtained seizure warrants for the personal property referenced above.  Only

Seizure Warrants for the following conveyances were executed and subsequently filed with the

Court.  The other conveyances were not seized:

1.    1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049
      Registered to: Helen J. Barber

2.    1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060
      Registered to: Charles M. Barber

Only the funds in the following bank accounts were seized:

1.    Adirondack Bank, Account Number: xx-xx-xxxxxx5456;
      In the Name of Helen J. and Charles M. Barber, containing a balance of
      $8,773.00;

2.    Adirondack Bank, Account Number: xxxxxx5769;
      In the Name of Charles M. Barber and Helen J. Barber, containing a
      balance of $87,223.23;

3.    Charter One Bank, Account Number: xxxxxx4301;
      In the Names of Charles H. Barber, containing a balance of $12,573.98;

4.    Charter One Bank, Account Number: xxxxxx2702;
      In the Name of Helen J. Barber, containing a balance of $3,738.00;

5.    Charter One Bank, Account Number: xxxxxx3735;
      In the Names of Charles M. Barber and Helen J. Barber, containing a
      balance of $5,092.35;

6.    Charter One Bank, Account Number: xxxxxx3952;
      In the Names of Charles M. Barber and Helen J. Barber, containing a
      balance of $12,633.64;

7.  Charter One Bank, Account Number: xxxxxx3952;
    In the Names of Charles M. Barber and Helen J. Barber, containing a
    balance of $82,766.68.

On January 10, 2003, a second seizure warrant was obtained by the United States for

Charter One Bank, Account Number: xxxxxx3952, in the names of Charles M. Barber and Helen

J. Barber.  The seizure warrant was executed and the account was re-seized on January 10, 2003

and contained a balance of $82,766.68.  (There were two amounts seized from this account

because following the first seizure the bank kept the account open and active and the defendants

made a deposit into the account shortly after the first seizure of funds from this account).  The

remaining accounts either had no funds or were closed prior to the issuance of the Seizure

Warrants.

Only the following stock accounts were seized:

1.  CSFBdirect, Account Number: xxx-xx5985, In the Name of Helen J.
    Barber, the balance in this account as of 6/11/03 was $25,098.99;

2.  CSFBdirect, Account Number: xxx-xx5720, In the Name of Charles M.
    Barber, the balance in this account as of 6/11/03 was $2,654.09.

These two stock accounts are currently known as Harris Direct Accounts.  The stock in

these accounts is no longer being traded so their value decreased significantly since the date of

seizure.  No monies were found in the CSFBdirect, Account Number: xxx-xx8030, In the Name

of Charles H. Barber.

**WHEREAS,** all the properties were properly seized by seizure warrants and the original

warrants with returns are filed in the United States District Court for the Northern District of

New York.

**WHEREAS,** on or about October 1, 2001 and October 2, 2001, the United States filed lis

pendens against the above referenced Real Properties located in Franklin, Essex and Warren

Counties in the State of New York with each respective County Clerk's Office and with the United States District Court for the Northern District of New York.

The Government contends that one or more of the defendants has an interest in the Real Properties and that one or more of the defendants' interest is subject to criminal forfeiture to the United States, as set forth in the Superseding Indictment.

**WHEREAS,** on August 15, 2002, following a jury trial, the defendants, Charles H. Barber, Charles M. Barber and Helen J. Barber were found guilty on all counts of a twenty-seven count superseding indictment.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned and through their respective legal counsel, that as a result of the guilty verdict, the defendants, Charles H. Barber, Charles M. Barber and Helen J. Barber, hereby agree and consent to the entry of a money judgement in the amount of $850,000.00 for which the defendants shall be joint and severally liable.  The judgement may be satisfied by one or more of the defendants from any other property(ies) owned by the defendants or held for the defendants benefit, as authorized by Title 18 U.S.C. § 982 and Title 18 U.S.C. § 853(p), and such property(ies) shall be forfeited to the United States of America and a Judgement of Forfeiture of such property shall be entered.

**IT IS FURTHER STIPULATED AND AGREED,** that the defendants, Charles H. Barber, Charles M. Barber and Helen J. Barber, agree not to assist any third party(ies) in any attempt to contest the forfeiture of any of the personal or real property(ies) in which one or more of the defendants have an interest nor shall any of the defendants reacquire any of the properties or any right, title or interest in the properties;

**IT IS FURTHER STIPULATED AND AGREED**, that as a result of the guilty verdict, the defendants, Charles H. Barber, Charles M. Barber and Helen J. Barber, and their respective legal counsel, do agree, relinquish and consent to forfeit to the United States of America, in partial satisfaction of the $850,000.00 judgement the following properties:

**Conveyances:**

1.  1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049
    Registered to: Helen J. Barber

2.  1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060
    Registered to: Charles M. Barber

**Bank Accounts:**

1.  Adirondack Bank, Account Number: xx-xx-xxxxxx5456;
    In the Name of Helen J. and Charles M. Barber, containing a balance of
    $8,773.00;

2.  Adirondack Bank, Account Number: xxxxxx5769;
    In the Name of Charles M. Barber and Helen J. Barber, containing a
    balance of $87,223.23;

3.  Charter One Bank, Account Number: xxxxxx4301;
    In the Names of Charles H. Barber, containing a balance of $12,573.98;

4.  Charter One Bank, Account Number: xxxxxx2702;
    In the Name of Helen J. Barber, containing a balance of $3,738.00;

5.  Charter One Bank, Account Number: xxxxxx3735;
    In the Names of Charles M. Barber and Helen J. Barber, containing a
    balance of $5,092.35;

6.  Charter One Bank, Account Number: xxxxxx3952;
    In the Names of Charles M. Barber and Helen J. Barber, containing a
    balance of $12,633.64;

7.  Charter One Bank, Account Number: xxxxxx3952;
    In the Names of Charles M. Barber and Helen J. Barber, containing a
    balance of $82,766.68.

**Stock Accounts:**

1.  CSFBdirect, Account Number: xxx-xx5985, In the Name of Helen J. Barber, the balance in this account as of 6/11/03 was $25,098.99;

2.  CSFBdirect, Account Number: xxx-xx5720, In the Name of Charles M. Barber, the balance in this account as of 6/11/03 was $2,654.09.

**IT IS FURTHER STIPULATED AND AGREED BY THE PARTIES**, that the defendants shall execute all documents tendered to them by the United States Attorney as may be necessary to effectuate the forfeitures.

**IT IS FURTHER STIPULATED AND AGREED BY THE PARTIES**, that each defendant shall sign a release and hold harmless agreement attached to this Stipulation and Order of Forfeiture.

**IT IS FURTHER STIPULATED AND AGREED BY THE PARTIES,** that each of the parties shall bear their own costs and any and all attorneys fees acquired by the defendants as the result of this action are the defendants' responsibility.

**IT IS FURTHER STIPULATED AND AGREED BY THE PARTIES**, that the terms and conditions contained in this Stipulation and Order of Forfeiture represent the whole and complete agreement between the parties, and no other terms, conditions, previous agreements, or memoranda will be demanded, excepted, requested or performed by the parties and this Court

shall retain jurisdiction in this case for the purpose of enforcing the terms of this agreement.

### STIPULATION SIGNATURES

UNITED STATES OF AMERICA

Glenn T.  Suddaby
United States Attorney
Northern District of New York

Dated: _1/27/06_    By: _____

Sara M. Lord
Assistant U.S. Attorney

Dated: _1/27/06_    _____

Charles M. Barber, Defendant

Dated: _1/27/06_    _____

Charles H. Barber, Defendant

Dated: _1/27/06_    _____

Diarmuid White, Esq.
Attorney for Charles M. Barber and
Charles H. Barber

*Appearance waived: On record 1/27/06
Counsel authorized to accept terms
of stipulation on behalf of defendant*

Dated: _1/27/06_    _____

Helen J. Barber, Defendant

Dated: _1/27/06_    _____

Richard Ware Levitt, Esq.
Attorney for Helen J. Barber

In accordance with the above Stipulation, it is hereby,

**ORDERED,** that the sum of $850,000.00 is hereby forfeited to the United States of

America, and a judgment reflecting forfeiture of such sum shall be entered against the defendants

for which the defendants shall be joint and severally liable.

**ORDERED,** that the judgment may be satisfied by one or more of the defendants from any other property(ies) owned by the defendants or held for the defendants benefit, as authorized by Title 18 U.S.C. § 982 and Title 18 U.S.C. § 853(p), and such property(ies) shall be forfeited to the United States of America and a Judgement of Forfeiture of such property shall be entered.

**ORDERED,** that the defendants, Charles H. Barber, Charles M. Barber and Helen J. Barber, shall not assist any third party(ies) in an attempt to contest the forfeiture of any of the personal or real property(ies) in which one or more of the defendants have an interest nor shall any of the defendants reacquire any of the properties or any right, title or interest in the properties;

**ORDERED,** that the following properties shall be forfeited to the United States of America, in partial satisfaction of the $850,000.00 judgement against the defendants:

**Conveyances:**

1. 1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049
   Registered to: Helen J. Barber

2. 1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060
   Registered to: Charles M. Barber

**Bank Accounts:**

1. Adirondack Bank, Account Number: xx-xx-xxxxxx5456;
   In the Name of Helen J. and Charles M. Barber, containing a balance of
   $8,773.00;

2. Adirondack Bank, Account Number: xxxxxx5769;
   In the Name of Charles M. Barber and Helen J. Barber, containing a
   balance of $87,223.23;

3. Charter One Bank, Account Number: xxxxxx4301;
   In the Names of Charles H. Barber, containing a balance of $12,573.98;

4. Charter One Bank, Account Number: xxxxxx2702;
   In the Name of Helen J. Barber, containing a balance of $3,738.00;

5.    Charter One Bank, Account Number: xxxxxx3735;
In the Names of Charles M. Barber and Helen J. Barber, containing a
balance of $5,092.35;

6.    Charter One Bank, Account Number: xxxxxx3952;
In the Names of Charles M. Barber and Helen J. Barber, containing a
balance of $12,633.64;

7.    Charter One Bank, Account Number: xxxxxx3952;
In the Names of Charles M. Barber and Helen J. Barber, containing a
balance of $82,766.68.

**Stock Accounts:**

1.    CSFBdirect, Account Number: xxx-xx5985, In the Name of Helen J.
Barber, the balance in this account as of 6/11/03 was $25,098.99;

2.    CSFBdirect, Account Number: xxx-xx5720, In the Name of Charles M.
Barber, the balance in this account as of 6/11/03 was $2,654.09.

**ORDERED,** that the defendants shall execute all documents tendered to them by the

United States Attorney as may be necessary to effectuate the forfeitures.

**ORDERED,** that each defendant shall sign a release and hold harmless agreement

attached to this Stipulation and Order of Forfeiture.

**ORDERED,** that a judgment of forfeiture in the amount of $850,000.00 may be satisfied

from any other property/ies owned by the defendants' or held for the defendants' benefit, as

authorized by Title 18 U.S.C. § 982, and Title 18 U.S.C. § 853(p), and such property/ies shall be

forfeited to the United States of America and a Judgment of Forfeiture of such property/ies shall

entered.

**ORDERED,** that all the defendants are joint and severally liable for the payment of the

$850,000.00 judgment and any remaining balance that is due and owing to the United States may

be satisfied by one or more of the defendants.

**ORDERED**, that upon the entry of this Order, the United States Marshal's Service is authorized to seize the above listed properties which are subject to forfeiture and the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 2253(l).

**ORDERED**, that the total cash, cash proceeds, personal property and any monies paid by the defendants shall be credited towards the money judgment of $850,000.00 and that forfeited sum shall in turn then be applied and credited toward restitution in accordance with the provisions of 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(i)(1), which grants the Attorney General authority "to restore forfeited property to victims," and the Victim and Witness Protection Act, 18 U.S.C. §§ 3663-64.

**ORDERED,** that upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

**ORDERED**, that the United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General or his representative may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

**ORDERED**, that any persons, other than the above-named defendants, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject properties and for an amendment of the Order of Forfeiture, pursuant to 18 U.S.C. § 2253(m)(6).

**ORDERED**, that any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties; the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties; any additional facts supporting the petitioner's claim; and the relief sought.

**ORDERED**, that after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

**ORDERED**, that the United States shall have clear title to the subject properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 18 U.S.C. § 2253(m)(2), for the filing of third party petitions.

**ORDERED**, that pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing, or before sentencing if the defendants consent, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become a Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

**ORDERED,** that each of the parties shall bear their own costs and any and all attorneys fees acquired by the defendants as the result of this action are the defendants' responsibility.

**ORDERED,** that the terms and conditions contained in this Stipulation and Order of Forfeiture represent the whole and complete agreement between the parties, and no other terms, conditions, previous agreements, or memoranda will be demanded, excepted, requested or

performed by the parties and this Court shall retain jurisdiction in this case for the purpose of enforcing the terms of this agreement.

**ORDERED**, that once the conveyances are sold and the net proceeds from such sale/s are received , the United States Marshal's Service shall hold in escrow all proceeds from the forfeited properties, pending approval of the United States Department of Justice Asset Forfeiture and Money Laundering Section to restore the forfeited property to crime victims via restitution. After such approval has been granted by the Department of Justice Asset Forfeiture and Money Laundering Section, all proceeds in this matter shall be deposited into the restitution account held in the Clerk's Office for the United States District Court for the Northern District of New York. The sums deposited to that account shall be applied toward satisfaction of the joint and several restitution obligations owed by the defendants to the victim(s).

**ORDERED**, that said funds shall remain in that account until such time as a further Order of this Court directs the transfer, release or other disposition of these funds, or any portion thereof.

**ORDERED**, that the Clerk of the Court shall forward six (6) certified copies of this Stipulation and Order of Forfeiture to Assistant United States Attorney Thomas A. Capezza, United States Attorney's Office for the Northern District of New York, 218 James T. Foley Courthouse, 445 Broadway, Albany, New York.

Dated: _____*Feb 6*_____, 2006.

_____
Hon. Frederick J. Scullin, Jr.
Chief U.S. District Court Judge

## HOLD HARMLESS AND RELEASE AGREEMENT

Property Seized and to be Forfeited:

1. A Money Judgment in the amount of $850,000 in U. S. Currency

2. 1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049,  Registered to: Helen J. Barber

3. 1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060, Registered to: Charles M. Barber

### Bank Accounts

1. Adirondack Bank, Account Number xx-xx-xxxxxx5456, In the Name of Helen J. and Charles M. Barber, containing a balance of $8,773.00;

2. Adirondack Bank, Account Number: xxxxxx5769, Charles M. Barber and Helen J. Barber, containing a balance of $87,223.23;

3. Charter One Bank, Account Number: xxxxxx4301, Charles H. Barber, containing a balance of $12,573.98;

4. Charter One Bank, Account Number: xxxxxx2702,  Helen J. Barber, containing a balance of $3,738.00;

5. Charter One Bank, Account Number: xxxxxx3735,  Charles M. Barber and Helen J. Barber, containing a balance of $5,092.35;

6. Charter One Bank, Account Number: xxxxxx3952,  Charles M. Barber and Helen J. Barber, containing a balance of $12,633.64;

7. Charter One Bank, Account Number: xxxxxx3952,  Charles M. Barber and Helen J. Barber, containing a balance of $82,766.68;

### Stock Accounts

1. CFBdirect, Account Number: xxx-xx5985, In the Name of Helen J. Barber, the balance in this account as of 6/11/03 was $25,098.99;

2. CSFBdirect, Account Number: xxx-xx5720, In the Name of Charles M. Barber, the balance in this account as of 6/11/03 was $2,654.09.

I, **Charles M. Barber**, hereby agree to the forfeiture of above listed properties to the United

States of America for disposition in accordance with law and to release and forever discharge the United

States Department of Justice, United States Attorney's Office, the Federal Bureau of Investigation, and its officers, agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which I, **Charles M. Barber,** or my heirs, successors, or assigns ever had, now have, or may have in the future in connection with the detention, seizure and/or release by agents of the Department of Justice, of the above listed property.

      I, **Charles M. Barber**, further agree to hold and save the United States Department of Justice, the United States Attorney's Office, the Federal Bureau of Investigation, its officers, agents, servants and employees, their heirs, successors, or assigns, harmless from any claims by any other, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever in connection with the detention, seizure, and/or release by agents of the Department of Justice of the above listed property.

Dated: 1/27/06          BY: _____

                                         CHARLES M. BARBER

Witnessed by: _____

# HOLD HARMLESS AND RELEASE AGREEMENT

**Property Seized and to be Forfeited:**

1.   A Money Judgment in the amount of $850,000 in U. S. Currency

2.   1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049,  Registered to: Helen J. Barber

3.   1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060, Registered to: Charles M. Barber

## Bank Accounts

1.   Adirondack Bank, Account Number xx-xx-xxxxxx5456, In the Name of Helen J. and Charles M. Barber, containing a balance of $8,773.00;

2.   Adirondack Bank, Account Number: xxxxxx5769, Charles M. Barber and Helen J. Barber, containing a balance of $87,223.23;

3.   Charter One Bank, Account Number: xxxxxx4301, Charles H. Barber, containing a balance of $12,573.98;

4.   Charter One Bank, Account Number: xxxxxx2702,  Helen J. Barber, containing a balance of $3,738.00;

5.   Charter One Bank, Account Number: xxxxxx3735,  Charles M. Barber and Helen J. Barber, containing a balance of $5,092.35;

6.   Charter One Bank, Account Number: xxxxxx3952,  Charles M. Barber and Helen J. Barber, containing a balance of $12,633.64;

7.   Charter One Bank, Account Number: xxxxxx3952,  Charles M. Barber and Helen J. Barber, containing a balance of $82,766.68;

## Stock Accounts

1.   CFBdirect, Account Number: xxx-xx5985, In the Name of Helen J. Barber, the balance in this account as of 6/11/03 was $25,098.99;

2.   CSFBdirect, Account Number: xxx-xx5720, In the Name of Charles M. Barber, the balance in this account as of 6/11/03 was $2,654.09.

I, **Helen J. Barber**, hereby agree to the forfeiture of above listed properties to the United States

of America for disposition in accordance with law and to release and forever discharge the United States

Department of Justice, United States Attorney's Office, the Federal Bureau of Investigation, and its officers, agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which I, **Helen J. Barber**, or my heirs, successors, or assigns ever had, now have, or may have in the future in connection with the detention, seizure and/or release by agents of the Department of Justice, of the above listed property.

I, **Helen J. Barber**, further agree to hold and save the United States Department of Justice, the United States Attorney's Office, the Federal Bureau of Investigation, its officers, agents, servants and employees, their heirs, successors, or assigns, harmless from any claims by any other, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever in connection with the detention, seizure, and/or release by agents of the Department of Justice of the above listed property.

Dated:

BY: _Appearance waived. Defendant authorizes counsel to accept terms on her behalf - see record of 1/27/06_

HELEN J. BARBER

Witnessed by:_____

# HOLD HARMLESS AND RELEASE AGREEMENT

**Property Seized and to be Forfeited:**

1. A Money Judgment in the amount of $850,000 in U. S. Currency

2. 1998 Chevrolet Suburban, Red/Grey, VIN: 1GNFK16R5WJ338049,  Registered to: Helen J. Barber

3. 1996 Harley Davidson Motorcycle, Black, VIN: 1HD1FCR1XTY618060, Registered to: Charles M. Barber

## Bank Accounts

1. Adirondack Bank, Account Number xx-xx-xxxxxx5456, In the Name of Helen J. and Charles M. Barber, containing a balance of $8,773.00;

2. Adirondack Bank, Account Number: xxxxxx5769, Charles M. Barber and Helen J. Barber, containing a balance of $87,223.23;

3. Charter One Bank, Account Number: xxxxxx4301, Charles H. Barber, containing a balance of $12,573.98;

4. Charter One Bank, Account Number: xxxxxx2702,  Helen J. Barber, containing a balance of $3,738.00;

5. Charter One Bank, Account Number: xxxxxx3735,  Charles M. Barber and Helen J. Barber, containing a balance of $5,092.35;

6. Charter One Bank, Account Number: xxxxxx3952,  Charles M. Barber and Helen J. Barber, containing a balance of $12,633.64;

7. Charter One Bank, Account Number: xxxxxx3952,  Charles M. Barber and Helen J. Barber, containing a balance of $82,766.68;

## Stock Accounts

1. CFBdirect, Account Number: xxx-xx5985, In the Name of Helen J. Barber, the balance in this account as of 6/11/03 was $25,098.99;

2. CSFBdirect, Account Number: xxx-xx5720, In the Name of Charles M. Barber, the balance in this account as of 6/11/03 was $2,654.09.

I, **Charles H. Barber**, hereby agree to the forfeiture of above listed properties to the United

States of America for disposition in accordance with law and to release and forever discharge the United

States Department of Justice, United States Attorney's Office, the Federal Bureau of Investigation, and

its officers, agents, servants and employees, their heirs, successors, or assigns, from any and all actions,

causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands

whatsoever in law or equity which I, **Charles H. Barber**, or my heirs, successors, or assigns ever had,

now have, or may have in the future in connection with the detention, seizure and/or release by agents of

the Department of Justice, of the above listed property.

I, **Charles H. Barber**, further agree to hold and save the United States Department of Justice, the

United States Attorney's Office, the Federal Bureau of Investigation, its officers, agents, servants and

employees, their heirs, successors, or assigns, harmless from any claims by any other, including costs and

expenses for or on account of any and all lawsuits or claims of any character whatsoever in connection

with the detention, seizure, and/or release by agents of the Department of Justice of the above listed

property.

Dated:   1/27/06                          BY:   _____
                                                 CHARLES H. BARBER

Witnessed by: _____

Page 21 of 21